```
          IN THE UNITED STATES DISTRICT COURT
         FOR THE MIDDLE DISTRICT OF PENNSYLVANIA


FREDERICK D. JONES,             :
                                :
        Petitioner              :  No. 4:06-CV-00102
                                :
        v.                      :  Petition Filed 1/13/06
                                :
LOUIS FOLINO,                   :  (Judge Muir)
                                :
                                :
        Respondent              :
```

ORDER

July 10, 2006

THE BACKGROUND OF THIS ORDER IS AS FOLLOWS:

On January 13, 2006, Frederick D. Jones, an inmate at the State Correctional Institution, Waynesburg, Pennsylvania, filed a petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254. Jones is serving a 20 to 40 year sentence for third degree murder. This case was assigned to us but referred to Magistrate Judge J. Andrew Smyser for preliminary consideration.

On April 10, 2006, Magistrate Judge Smyser filed a 15-page report recommending that Jones's petition be denied. On April 24, 2006, Jones filed objections to the report of Magistrate Judge Smyser. Jones did not file a brief in support of those objections at the same time in accordance with the Local Rules of Court. However, the objections contained legal argument and by order of May 15, 2006, were construed as objections and a brief in support thereof. The order also authorized Respondent to file a brief in opposition. On June 20, 2006, Respondent filed a brief in opposition. The objections

became ripe for disposition on July 5, 2006, when the time for filing a reply brief expired.

When objections are filed to a report of a magistrate judge, we make a de novo determination of those portions of the report or specified proposed findings or recommendations made by the magistrate judge to which there are objections. <u>United States v. Raddatz</u>, 447 U.S. 667 (1980); 28 U.S.C. §636(b)(1); Local Rule 72.31.  District judges have wide discretion as to how they treat recommendations of the magistrate judge.  <u>Id.</u>  Indeed, in providing for a de novo review determination rather than a de novo hearing, Congress intended to permit whatever reliance a district judge, in the exercise of sound discretion, chooses to place on a magistrate judge's proposed findings and recommendations.  <u>Id.</u>  <u>See</u> <u>also</u> <u>Mathews v. Weber</u>, 423 U.S. 261, 275 (1976); <u>Goney v. Clark</u>, 749 F.2d 5, 7 (3d Cir. 1984).

The facts surrounding the murder were summarized by the state trial court as follows:

> In the late evening of November 6, 1998, Shannon Greer, the deceased, and another individual by the name of Taquan Bostic, became involved in a verbal confrontation in the area of North Hartley Street and Park Street in the City of York.  Bostic started to become physical with Greer when one (1) of Greer's cousins, Daniel Moreno, tried to get Greer to walk away. [Jones] walked behind [Greer] amd fired one (1) bullet from a handgun into the back of Greer's head. Neither Greer nor Bostic had any weapons. Following the shooting, [Jones] fled to Wrightsville, Georgia, where he was arrested four (4) days later.

Based on these facts the jury found Jones guilty of third degree murder.

Before a state prisoner can seek federal habeas relief, the prisoner is required to exhaust all state court remedies. <u>Picard v. Connor</u>, 404 U.S. 270, 278 (1971).  If a prisoner fails to do so, exhaustion can be excused if there is presently no state court remedy available.  <u>Carpenter v. Vaughn</u>, 296 F.3d 138, 146 (3d Cir. 2002).  However, even though exhaustion is excused the prisoner cannot obtain federal review unless the prisoner demonstrates "cause" for the failure to exhaust and "prejudice" resulting therefrom or that failure to consider the claims on the merits would result in a fundamental "miscarriage of justice." <u>Id.</u>

Jones contends that he was denied meaningful appellate review, was denied access to trial transcripts, that all appointed counsel had conflicts of interest, that trial counsel prevented him from testifying by advising him not to do so, that trial counsel failed to object to evidence about prior bad acts, and that appellate counsel was ineffective.  Magistrate Judge Smyser concluded that Jones is prohibited from presenting in federal court all of the claims except one.  That one claim is that trial counsel was ineffective when he advised Jones not to testify.  The basis for this conclusion is that Jones did not exhaust the claims in state court with the exception of one ineffective assistance of counsel claim and that Jones's failure to exhaust all of the claims except one prevented him at this time under state procedural rules from receiving any further relief in state court on the unexhausted claims.  As result of

his failure to present the claims in state court, Magistrate Judge Smyser concluded that Jones procedurally defaulted or waived the claims, and that he had not established cause or a justification for excusing the procedural default or waiver which would entitle him to federal review.  Magistrate Judge Smyser further concluded that Jones failed to establish that there would be a miscarriage of justice if he did not receive federal review of all of his claims.

As for the one claim that is properly before us, Magistrate Judge Smyser reviewed it on the merits and concluded that the state court's determination that trial counsel was not ineffective for advising Jones not to testify "did not result in a decision contrary to, or involving an unreasonable application of, clearly established federal law and did not result in a decision based on an unreasonable determination of the facts in light of the evidence presented in the state proceedings."

Magistrate Judge Smyser utilized the proper standard of review. 28 U.S.C. § 2254 states in pertinent part as follows:

> An application for writ of habeas corpus on behalf of a person in custody pursuant to the judgment of a State court shall not be granted with respect to any claim that was adjudicated on the merits in State court proceedings unless the adjudication of the claim–
>
> > (1) resulted in a decision that was contrary to, or involved and unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> >
> > (2) resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State Court proceeding.

Jones contends that his trial counsel erroneously believed that Jones's prior criminal record of convictions not involving false statements or dishonesty could be used against him if he testified.  Jones further contends that trial counsel advised him not to testify based on that erroneous belief.  The state court concluded after a post-conviction hearing that trial counsel knew that Jones's convictions would not be admissible and that there were several other reasons for advising Jones not to testify, including the following: the trial was going well in trial counsel's opinion and there was nothing that Jones could say that would improve his chance of acquittal; Jones had told trial counsel that he had retrieved his handgun before going outside and the retrieval of the handgun could support an inference of premeditation; and trial counsel believed that Jones's trial testimony would conflict with a statement that Jones had given to a law enforcement agent.

     Under the circumstances it is clear that trial counsel was not ineffective.  Jones was facing the possibility of a jury verdict of first degree murder and a sentence of life imprisonment without the possibility of parole.  Jones's testimony at trial would have only increased the probability of that verdict and sentence.  As a result of his declining to testify, the jury did not hear evidence that may have persuaded it to find Jones guilty of first degree murder.

     Jones's objections which are a rehash of the arguments presented to Magistrate Judge Smyser are without merit.

Magistrate Judge Smyser thoroughly supported his recommendation in the 15 page report. That report is free from error and we shall adopt it as our own.

NOW, THEREFORE, IT IS ORDERED THAT:

1. The report of Magistrate Judge J. Andrew Smyser filed on April 10, 2006, is adopted in toto.

2. Jones's petition for writ of habeas corpus pursuant to 28 U.S.C. § 2254 is denied.

3. The Clerk of Court shall close this case.

4. Any appeal from this order will be deemed lacking in probable cause, i.e., a substantial showing of the denial of a constitutional right, and a certificate of appealability will not issue.

s/Malcolm Muir
MUIR, U.S. District Judge

MM:gs

6